UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK KELLETT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:09CV707HEA |
| | ) |
| AIR MEDICS, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction, [Doc. No. 8] and Summary Judgment, [Doc. No. 14]. Counsel for Defendant has been granted leave to withdraw. Prior to his withdrawal, the Court granted counsel's motion for an extension of time to file responses to these Motions. Defendant has failed to do so. For the reasons set forth below, the Motions are granted.

This action was brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, in which Plaintiffs Plumbers and Pipefitters Local 562 and the trustees of the Plumbers and Pipefitters employee benefit funds seek to collect delinquent fringe benefit contributions, union dues and damages from

defendant Air Medics, Inc.

## Preliminary Injunction

Plaintiff seeks a preliminary injunction against Defendant requiring it to pay the required fringe benefits due under the parties' Collective Bargaining Agreement during the pendency of this litigation. Because the Court now enters Summary Judgment in favor of Plaintiff, the basis for the preliminary injunction is moot. Plaintiff is, however, entitled to the fringe benefits from May through the date of this Memorandum and Order. Accordingly, the Court will entertain a supplemental affidavit in support of the amounts due from May through October.

## Standard of Review for Summary Judgment

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported

self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995); *Smith v. International Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines* 2008 WL 2609197, 3 (8th Cir. 2008).

**Facts and Background**

Plaintiff has submitted a Statement of Uncontroverted Material Facts to which Defendant has failed to filed a response. Local Rule 4.01(E) provides with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

As a result of Defendant's failure to submit any response, Defendant is deemed to have admitted Plaintiff's statements of material fact. *Huckins v. Hollingsworth*, 138 Fed.Appx. 860, 862 (8th Cir.2005)(where plaintiffs responded to the defendants' statements of material facts by paragraph number as required by local rule but did not fully comply with that rule by submitting their own concise statement of material facts as to which they contended there exists a genuine issue to be tried, and instead provided the district court with affidavits, the district court did

not abuse its discretion when it recounted the defendants' statements of facts verbatim but noted whenever the plaintiffs properly disputed a fact and the ground for their dispute). Plaintiff's Statement of Uncontroverted Facts sets out the following:

The Plumbers and Pipefitters Welfare Educational Fund, the Plumbers and Pipefitters Pension Fund, and the Plumbers and Pipefitters Local 562 Supplemental Pension Plan and Trust (hereinafter, the "Plumbers & Pipefitters Funds") are employee benefit plans which provide medical and pension benefits. The Plumbers and Pipefitters Funds are administered from offices located within this judicial district. Plaintiffs are the Trustees of the Plumbers & Pipefitters Funds, and as such, are fiduciaries within the meaning of Sections 502(a)(3) and (g)(1) of ERISA, 29 U.S.C. Sections 1132(a)(3) and 1132(g)(1).

Air Medics, Inc. is a Missouri corporation in good standing, conducting business in this judicial district. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7), having an office and place of business within this judicial district.

Air Medics, Inc. executed a collective bargaining agreement effective through June 30, 2010. Air Medics, Inc. was required by the collective bargaining agreement to remit contributions to the Plumbers and Pipefitters Funds, to remit dues to Plumbers and Pipefitters Local 562, and to submit monthly reports reflecting the hours worked by its employees.

The collective bargaining agreement provides that an employer who fails to pay the contributions owed or fails to cooperate in an audit is obligated to pay: (a) liquidated damages equal to $2.00 for each day of delinquency up to a maximum of $40.00 for any one month of delinquency, plus two (2%) percent per month, or any fraction of as month, of the unpaid amount starting from the first day of such delinquency and ending when such delinquency is paid in full; (b) payment of all reasonable attorney's fees, court costs, audit costs, and other reasonable expenses incurred in the collection of such delinquency and liquidated damages or in the enforcement of any other duty required under this Section 4; (c) payment to any employee affected by such delinquency of a sum equal to the value of any benefits lost by such employee by reason of Employer's delinquency; (d) reimbursement to the Fund for the cost or value of any benefits which may be made available by the Trustees to any employee affected by the failure of the Employer to contribute or properly report to the Fund.

Air Medics, Inc. submitted its contribution reports without payment for the months of September 2008 through May 2009. The reports submitted by Air Medics, Inc. without payment for the period of September 2008 through May 2009 reflect that $157,074.79 is owed in fringe benefit contributions.

Air Medics, Inc. owes liquidated damages in the amount of $2,080.00 and interest in the amount of $17,644.51 on the fringe benefit contributions for the period of September 2008 through May 2009. The total owed by Air Medics, Inc. in delinquent contributions, liquidated damages and interest is $176,799.30.

Air Medics, Inc. failed to pay the required union dues for the months of November 2008 through May 2009. The amount owed in union dues for these months totals $9,601.92.

The total amount owed by Air Medics, Inc., $186,401.22, remains unpaid. Articles 15 and 16 of the collective bargaining agreement require delinquent employers to pay the Funds' attorneys' fees and court costs.

## Discussion

ERISA provides as follows at 29 U.S.C. §1132:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -

    (A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of -

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

Because Defendant failed to comply with the provisions of the Collective Bargaining Agreement, to which it was a party, Plaintiffs are entitled to recover all of the principal, Union dues, liquidated damages, interest, attorneys' fees and court costs they request.

## **Conclusion**

For the foregoing reasons, Plaintiffs are entitled to a summary judgment against Defendant Air Medics, Inc. in the total amount of $186,401.22, consisting of $157,074.79 in delinquent fringe benefit contributions, $2,080.00 in liquidated

damages and $17,644.51 in interest for the period of September 2008 through May 2009, and $9,601.92 in Union dues for the period of November 2008 through May 2009.

Plaintiffs are also entitled to the amounts due from May, 2009 through October, 2009. Upon submission of the required proof of the amounts owed, the Court will enter judgment.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's Motion for Preliminary Injunction, [Doc. No. 8], is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, [Doc. No. 14] is granted.

**IT IS FURTHER ORDERED** that Plaintiffs are granted 14 days from the date of this Opinion, Memorandum and Order to submit to the Court the additional amounts owed Plaintiffs.

**IT IS FURTHER ORDERED** that upon the filing of the additional amounts owed, Judgment for the total amount owed will be entered.

Dated this 14th day of October, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE